# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00134-MR-DLH

| | |
|---|---|
| RANDALL R. SNYDER JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OHIO ELECTRIC MOTORS, ) <br> INC., KEN COOPER, ROXANNE ) <br> WILDE, EMILY RITCHEY, and ) <br> TOM POZDA, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motions to Dismiss [Docs. 9, 23]. The Plaintiff, who is proceeding *pro se*, has responded to both Motions. [Docs. 22, 25].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2017, the *pro se* Plaintiff filed this action against his former employer, Ohio Electric Motors, Inc. ("OEM"), and Ken Cooper, Roxanne Wilde, Emily Ritchey, and Tom Pozda (collectively, the "Individual Defendants"), alleging employment discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), *et seq.* ("Title VII").

In his Complaint, the Plaintiff claims that his employment was terminated on April 13, 2016, after Ken Cooper and others at OEM "unfairly chose to hold [Plaintiff] solely accountable" for the presence of his same sex partner at a company lunch following a business meeting. [Complaint, Doc. 1 at 2, 3]. The Plaintiff further alleges that, rather than "a simple termination," Defendant Cooper searched through the Plaintiff's company-issued cell phone and collected an image that he then shared with others at OEM before turning it over to the Asheville Police Department. [Id. at 3]. The Plaintiff was subsequently charged with two felonies. [Id.]. Despite having been charged with criminal offenses for the image contained on the company-issued phone, the Plaintiff claims the real reason for his termination was "founded in Ken Cooper's efforts to cause and do harm to me for exposing and reporting his [unspecified] inappropriate behavior toward me and others while under the influence of alcohol." [Id.].

On July 28, 2017, the Individual Defendants filed a Motion to Dismiss. [Doc. 9]. The Plaintiff filed a Response in opposition to this Motion on October 2, 2017. [Doc. 22]. On October 5, 2017, OEM filed a separate Motion to Dismiss. [Doc. 23]. The Plaintiff filed a Response in opposition to OEM's Motion on October 19, 2017. [Doc. 25].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering the Defendants' motions, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190–92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement...." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. See also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## IV. DISCUSSION

### A. Individual Defendants' Motion to Dismiss

The Individual Defendants move to dismiss the Plaintiff's claims against them on the grounds that there is no individual liability under Title VII.

The Fourth Circuit has rejected claims of individual liability under Title VII. Lissau v. Southern Food. Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."); see also Buckner v. General Signal Tech. Corp., 163 F. Supp.

4

2d 617, 626 (W.D.N.C. 2000) (citing Lissau). Here, Defendants Cooper, Wilde, Ritchey, and Pozda are all individuals and not "employers" as defined by Title VII. Lissau, 159 F.3d at 180-81. Thus, they are not subject to Title VII liability.

Accordingly, the Plaintiff's sex discrimination claims against the Individual Defendants are hereby dismissed.

**B.   OEM's Motion to Dismiss**

The Plaintiff alleges generally that he was discriminated against based upon his sex. [See Doc. 1 at 2]. Reading the Plaintiff's entire Complaint liberally, it is clear that the Plaintiff is alleging sex discrimination based on his sexual orientation.[1] While two Courts of Appeals have recently held that Title VII prohibits discrimination on the basis of sexual orientation, Zarda v. Altitude Exp., Inc., __ F.3d __, 2018 WL 1040820, at *20 (2d Cir. Feb. 26, 2018) (en banc); Hively v. Ivy Tech Cmty. Coll. of Ind., 853 F.3d 339, 351–

---

[1] The Plaintiff makes this clear in his "Second Request to Allow This Case to Proceed to Trial," filed in response to OEM's Motion to Dismiss, where he argues:

> A law cannot be anti-discriminatory or be set up to protect against discrimination based on sex if inherently the law is applied in such a way that it discriminates against natural sexual behavior, natural sexual conduct, natural sexual orientation, or sexual preference. Sex and all things sexual are inseparable. It may be unprecedented but no less a valid argument to make that clearly I have been the subject of discrimination based on my sex and particularly how sex functions for me. You cannot separate function of sex from sex.

[Doc. 25 at 2].

52 (7th Cir. 2017) (en banc), the Fourth Circuit has held that "Title VII does not prohibit conduct based on the employee's sexual orientation, whether homosexual, bisexual, or heterosexual," Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 751-52 (4th Cir. 1996); Wrightson v. Pizza Hut of Am., Inc., 99 F.3d 138, 143 (4th Cir. 1996); Hoffman v. Family Dollar Stores, Inc., 99 F. Supp. 3d 631, 634 (W.D.N.C. 2015). This Court is bound to follow the Fourth Circuit's precedent.[2] Accordingly, the Court concludes that the Plaintiff's sex discrimination claim based on sexual orientation is not cognizable under Title VII. Accordingly, the Plaintiff's sex discrimination claim against OEM must be dismissed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendants' Motions to Dismiss [Docs. 9, 23] are **GRANTED**, and this case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: March 15, 2018

Martin Reidinger
United States District Judge

---

[2] In fact, the Plaintiff seems to concede that his entire argument rests on this Court refusing to follow Circuit precedent. [See Doc. 25 at 2 ("A case from 1979 [sic] has a different set of societal factors at work than a case being considered in 2017. It is well within reason to expect that past interpretations are not the only interpretations nor should they be.")].